IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


RYAN LOWERY,                          :

      Plaintiff,              :   Case No. 3:10cv427

vs.                                   :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,      :

      Defendant.              :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #15) IN THEIR
ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #16) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS
CONSISTENT WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On December 8, 2011, the United States Magistrate Judge filed a Report and Recommendations (Doc. #15), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned cause be remanded to the Defendant Commissioner for an award of immediate disability

insurance benefits with an onset date of May 15, 2000. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #15), as well as upon a thorough review of this Court's file, including the Administrative Transcript (Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #16) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause is remanded to the Defendant Commissioner for the award of immediate disability insurance benefits with an onset date of May 15, 2000.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Magistrate Judge's Report and Recommendations are well reasoned, consistent with the record as a whole and prevailing case law, and exhaustive as well. This Court agrees that the Administrative Law Judge erred in failing to give the opinions of Plaintiff's treating physician, Dr. Rivera, either controlling or significant weight. Even if the treating physician were not entitled to controlling weight, which in this case the Court concludes, as did the Magistrate Judge, that the opinion is entitled to such, the Administrative Law Judge erred in not deferring to Dr. Rivera's assessments of Plaintiff's physical and mental limitations in making Plaintiff's Residual Functional Capacity finding. Had he properly accounted for those limitations, a finding of disabled would have followed.

2. Moreover, merely referencing the disability finding of the Department of Veterans Affairs does not equate to an analysis of same or a consideration of the evidence presented to that administrative agency.

3. The Defendant contends that the Magistrate Judge misconstrued the record, Doc. #16 at 8, by both misreading Dr. Rivera's opinion and inferring limitations that were not included in that opinion, to wit: the limitation on sitting for 60 minutes in the entire work day. This is incorrect as Dr. Rivera concluded that Plaintiff can stand for 30 minutes at one time and/or sit for 60 minutes at one time. In discussing Dr. Rivera's opinion in the Report and Recommendations, the Magistrate Judge noted the exact sitting/standing limitations. Doc. #15 at 10.

4. In the captioned cause, the Commissioner's decision of non-disability is not supported by substantial evidence, pursuant to the above reasoning, and, since all essential factual issues have been resolved and the record adequately establishes Plaintiff's entitlement to benefits, a remand for the payment of benefits, rather than one for further administrative proceedings, is proper. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #15) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #16) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Secretary for an award of immediate disability insurance benefits with an onset date of May 15, 2000.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 23, 2012

*WalterHerbertRice* (signature)
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record