IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RYAN LOWERY, | : | Case No. 3:10-cv-427 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION[1]

On March 23, 2012, Judge Rice adopted the undersigned's Report and Recommendation, reversing and remanding this case, under Sentence Four, for an award of Disability Insurance Benefits ("DIB"). Docs. 15, 18. As a result of the Court's Order, Plaintiff was awarded $70,551.00 in past-due DIB. *See* doc. 24-1 at PageID 1851. Upon Plaintiff's motion, on August 10, 2012, this Court awarded Plaintiff $4,000.00 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docs. 22, 23. This matter is now back before the Court pursuant to a motion by Plaintiff's counsel for an attorney's fee award under the Social Security Act, 42 U.S.C. § 406(b)(1). Doc. 24.

It is permissible to seek attorney's fees under both EAJA and the Social Security Act. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989); *Meyers v. Heckler*, 625 F. Supp. 228, 231-32 (S.D. Ohio 1985). While an EAJA fee award "is authorized against the public fisc," a fee award under the Social Security Act "comes out of the claimant's disability monies." *Meyers*, 625 F. Supp. at 231. Further, an application for EAJA fees is "deemed to be made on

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

behalf of the claimant by counsel"; in contrast, a motion for fees under the Social Security Act is deemed to be made on counsel's behalf against his or her client. *Id.* Accordingly, any funds awarded pursuant to EAJA serve as a reimbursement to the claimant for attorney's fees paid out of his or her disability award. *Id.* Where awards are made under both EAJA and the Social Security Act, counsel must refund the lesser fee award to his or her client.[2] *Jankovich*, 868 F.2d at 871 n.1.

## I.

Plaintiff's counsel requests the Court to authorize a fee award in the amount of $10,262.75. In support of her motion, counsel has attached the contingency fee agreement between Plaintiff and counsel (doc. 24-1 at PageID 1847); information concerning the professional backgrounds of the two attorneys who worked on this case (doc. 24 at PageID 1844-46); the attorneys' joint time sheet (doc. 24-1 at PageID 1854-55); and a copy of the Award Notice to Plaintiff from the Social Security Administration (doc. 24-1 at PageID 1848-53). The Commissioner did not file a memorandum in opposition to Plaintiff's motion.[3]

Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. § 406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-

---

[2] Counsel acknowledges that the $4,000 EAJA fees/costs award must be refunded to her client upon receiving an award for attorney's fees under the Social Security Act. *See* doc. 24 at PageID 1846.
[3] Before filing her motion, Plaintiff's counsel consulted with counsel for the Commissioner, and was advised that the Commissioner did not oppose the motion. Doc. 24 at PageID 1841.

2

fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would…enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

Here, counsel and Plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of Plaintiff's past-due benefits. *See* doc. 24-1 at PageID 1847. However, counsel does not request the entire 25% contingency fee of $17,637.75. Rather, counsel's requested fee of $10,262.75 is approximately 14.5% of Plaintiff's past-due benefits. The joint time sheet shows that both attorneys together spent 25.25 hours representing Plaintiff before this Court. *See* doc. 24-1 at PageID 1854. Although this calculates to be an hourly rate of $406.45, the Court does not find the contingency fee amounts to a windfall to Plaintiff's

3

counsel.[4] Moreover, there have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite to the contrary, Plaintiff was well represented by counsel in this case. Therefore, counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (doc. 18) should be granted. *Accord Wright v. Astrue*, No. 3:09-cv-115, 2012 U.S. Dist. LEXIS 93489, at *6-7, 2012 WL 2700393, at *2-3 (S.D. Ohio July 6, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 103014, at *1, 2012 WL 3023258, at *1 (S.D. Ohio July 24, 2012) (Rice, J.) (approving a contingency fee award of $15,000.00 for 27.80 attorney hours (a hypothetical hourly rate of $539.57) under the Social Security Act).

## II.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's unopposed motion for attorney's fees under 42 U.S.C. § 406(b) (doc. 18) be **GRANTED**, and Plaintiff's counsel be **AWARDED** the sum of $10,262.75 in attorney's fees;

2. Pursuant to *Jankovich*, *supra*, 868 F.2d at 871 n.1, Plaintiff's counsel be **ORDERED** to pay this lesser EAJA sum to her client; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

February 8, 2013                                         s/ **Michael J. Newman**
United States Magistrate Judge

---

[4] The Court is aware of the test -- to determine the reasonableness of a contingency fee award, established in *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418, 421-22 (6th Cir. 1990) -- under which, the hypothetical hourly rate of the attorney is calculated by dividing the requested contingency fee amount by the number of hours expended on the case. *Id.* at 422. Under *Hayes*, "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate *may well be reasonable*." *Id.* (emphasis added). Although the $406.45 hypothetical hourly rate here may not pass this *per se* reasonable test, as made clear in *Hayes*, that does not preclude a finding of reasonableness. *Id.*

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).